UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN SAWYER SASSER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DARE TO DREAM RECOVERY, INC. and )<br>KHALED KAMAL AL-ALAWNEH, )<br>)<br>Defendants. ) | Case No. 24-CV-361-CVE-JFJ |

**OPINION AND ORDER**

Now before the Court is Defendant Dare to Dream Recovery, Inc. and Khaled Kamal Al-Alawneh's Special Appearance and Motion to Dismiss (Dkt. # 24). Defendants Dare to Dream Recovery, Inc. (Dare to Dream) and Khaled Kamal Al-Alawneh argue that they are citizens of California and the Court lacks personal jurisdiction over them. Defendants also argue that the Northern District of Oklahoma is not an appropriate venue for this case, because plaintiff has not alleged that a substantial part of the events giving rise to his claims occurred in Oklahoma. Plaintiff acknowledges in his response (Dkt. # 33) that the Court lacks personal jurisdiction over Dare to Dream, but he asserts that the Court can exercise general personal jurisdiction over Al-Alawneh. He also argues that venue is appropriate in this district under a theory that the harm of Al-Alawneh's actions was felt in Oklahoma. Defendants filed a reply (Dkt. # 37).

**I.**

Plaintiff claims that he visited an addiction treatment facility operated by Dare to Dream beginning on June 5, 2023, and the facility he attended was located in Northridge, California. Dkt. # 2, at 2. Plaintiff alleges that the facility's owner, Al-Alawneh, allowed a pitbull named Rocky to freely roam the premises, and residents of the facility interacted with Rocky. Id. On July 26, 2023,

plaintiff was talking to other residents of the facility after completing the daily program of activities, and plaintiff alleges that Rocky attacked him without warning or provocation. Id. at 3. Rocky allegedly bit plaintiff in the face and continued to attack plaintiff for 15 minutes before Rocky was forcibly removed from plaintiff. Id. Plaintiff suffered injuries to his face and head, and he was taken to a hospital in California for emergency medical treatment. Id.

Plaintiff filed this case against Dare to Dream and Al-Alawneh in the Northern District of Oklahoma based on diversity jurisdiction. Plaintiff states that he is a resident of Oklahoma, and he alleges that defendants Dare to Dream and Al-Alawneh are citizens of California. Id. at 1. Plaintiff asserts a state law negligence claim against defendants, and he states that the amount in controversy exceeds $75,000. The complaint contains no allegations concerning whether the Northern District of Oklahoma is an appropriate venue for this case, and plaintiff plainly states that "[a]ll acts complained of herein occurred in the City of Northridge, State of California on the premises of [Dare to Dream]." Id. at 2.

**II.**

Al-Alawneh argues that the Court lacks personal jurisdiction over him, because he is a resident of California and none of the actions giving rise to plaintiff's claims occurred in Oklahoma. Dkt. # 24, at 5. Plaintiff responds that he originally alleged that Al-Alawneh is a resident of California, but he now claims that this assertion may not be "accurate." Dkt. # 33, at 1. Plaintiff states that he has learned new information suggesting that Al-Alawneh may actually be domiciled in Oklahoma, and he asks the Court to exercise general personal jurisdiction over Al-Alawneh. Id. at 4. Based on plaintiff's new arguments, Al-Alawneh argues that the case should be dismissed due to lack of diversity jurisdiction, lack of personal jurisdiction, or improper venue. Dkt. # 37.

The Court will initially consider Al-Alawneh's argument that the Court lacks personal jurisdiction over him. When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (citations omitted). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." Id. at 1091. "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). The allegations of the complaint must be accepted as true to the extent they are uncontroverted by a defendant's affidavit. Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990). If the parties provide conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor. Id.

For a court to exercise personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution. See OKLA. STAT. tit. 12, § 2004(F). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205

3

F.3d 1244, 1247 (10th Cir. 2000) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. Id. "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Id. (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-16 & n.9 (1984)). Alternately, a court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" Id. (quoting Burger King Corp., 471 U.S. at 472).

Plaintiff concedes that the Court lacks specific personal jurisdiction over Al-Alawneh, but he argues that the Court has general personal jurisdiction over Al-Alawneh due to his continuous and systematic contacts with Oklahoma. Dkt. # 33, at 1-2. In order to have general personal jurisdiction over a defendant, the defendant's contacts with the state must be so continuous and systematic that the defendant is "essentially at home in the State." Xmission, L.C. v. Fluent LLC, 955 F.3d 833, 840

(10th Cir. 2020). This is a more stringent minimum contacts test than the examination a court would undertake when considering whether to exercise specific personal jurisdiction over a defendant. Monge v. RG Petro-Machinery (Group) Co. Ltd., 701 F.3d 598, 614 (10th Cir. 2012). However, if general personal jurisdiction is established, a plaintiff may assert all claims that he has against the defendant, even if the claims are unrelated to the defendant's contacts with the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

Plaintiff states that Al-Alawneh was charged with possession of a firearm during the commission of a felony in Tulsa County District Court, and the charges were dismissed after defendant successfully paid all necessary fines and court costs.[1] Dkt. # 33-1. Plaintiff alleges that Al-Alawneh is the registered service agent for an Oklahoma business entity, and the address for service of process is located in Tulsa, Oklahoma. Dkt. # 33, at 4. Finally, plaintiff states that Al-Alawneh requested a marriage license in Tulsa County, and he was actually married in Tulsa, Oklahoma. Dkt. # 33-3. Al-Alawneh's wife is a real estate agent licensed by the state of Oklahoma, and plaintiff alleges that she is based in Tulsa, Oklahoma. Dkt. # 33, at 6. Al-Alawneh responds that he is a resident in California, and he operates a business in California as established by the allegations of the complaint. There is no dispute that Al-Alawneh is the owner of Dare to Dream and that Dare to Dream is based in California. Dkt. # 33, at 1

---

[1] Plaintiff states that Al-Alawneh received a four year term of probation as a result of his criminal conviction. Dkt. #33, at 4. However, the documents he has provided from the state court proceedings do not support this assertion. The state court docket sheet merely shows that the criminal charge was dismissed at the request of the state of Oklahoma, and the evidence does not show that Al-Alawneh was sentenced to probation by the state court. Dkt. # 33-1, at 2, 5. There is a docket entry that Al-Alawneh made arrangements to make monthly payments to the Court, but there is nothing on the docket sheet suggesting that Al-Alawneh was required to remain in Oklahoma as a result of the criminal charges. Id. at 5.

These allegations do not show that Al-Alawneh's contacts with Oklahoma are so continuous and systematic that the Court could exercise general personal jurisdiction over him. The evidence submitted by plaintiff shows that Al-Alawneh was charged with a crime in Oklahoma and the charges were dismissed. Dkt. # 33-1. The state court docket provided by plaintiff merely shows that Al-Alawneh paid court costs pursuant to a payment plan, and there is no evidence suggesting that Al-Alawneh actually remained in Oklahoma for a substantial period of time because of the criminal charge. Plaintiff has provided evidence that Al-Alawneh was married in Tulsa County, but this makes sense in light of plaintiff's allegations that Al-Alawneh's wife is a real estate agent based in Tulsa. The fact that Al-Alawneh was married in the state where his wife resides, without other evidence, does not tend to show that Al-Alawneh intended to make Oklahoma his residence for any substantial amount of time.

Plaintiff has not established that Al-Alawneh has sufficient minimum contacts with Oklahoma to support the exercise of general personal jurisdiction over him, and it is unnecessary for the Court to consider the additional due process factors. Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1299 n.1 (10th Cir. 1999) (unnecessary for court to consider the second step of the due process analysis when the plaintiff failed to establish that the defendant had sufficient minimum contacts with the forum state). The Supreme Court has explained that "[f]or an individual, the paradigm forum for the exercise of general personal jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). Plaintiff's attempt to show that Al-Alawneh is subject to general personal jurisdiction in Oklahoma does not come close

to meeting this standard, and the Court finds no basis to exercise personal jurisdiction over Al-Alawneh.[2]

Even if the Court had personal jurisdiction over Al-Alawneh, the Court would also find that the Northern District of Oklahoma is not a proper venue for this case. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(b)(2) does not require that a court determine which judicial district has the most substantial connection to the case but, instead, venue may be proper in multiple districts as long as a substantial part of the events or omissions giving rise to the case occurred in those districts. Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1165-66 (10th Cir. 2010). When determining whether venue is proper under § 1391(b)(2), a district court must "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims," and "whether substantial 'events material to those claims occurred' in the forum district." Id. at 1166 (citations omitted).

---

[2] The Court notes that it would not have jurisdiction over this case even if plaintiff established that it would be appropriate for the Court to exercise general personal jurisdiction over Al-Alawneh. Plaintiff brought this case in federal court on the basis of diversity jurisdiction and, had plaintiff succeeded in showing that Al-Alawneh was domiciled in Oklahoma, both plaintiff and Al-Alawneh would be citizens of the same state for the purpose of diversity jurisdiction.

Plaintiff's primary argument in support of bringing the case in this district is that it was foreseeable that he would seek medical care in Oklahoma after he returned home from California. Courts have consistently found that seeking medical treatment in a forum in not enough by itself to establish that a substantial part of the events giving rise to the plaintiff's claim occurred in the forum for the purpose of establishing proper venue. Titsworth v. Hodge, 2018 WL 3312985 (E.D. Okla. July 3, 2018); Hansen v. Farrar, 2017 WL 5900971 (N.D. Okla. Nov. 30, 2017); Premier Group, Inc. v. Bolinbroke, 2015 WL 4512313, *7 (D. Colo. July 27, 2015). Instead, the focus should be placed on the forum in which the plaintiff's injury occurred. In this case, there is no dispute that plaintiff's injury occurred in California and all of the events giving rise to plaintiff's claim occurred in California. Therefore, the case would be subject to dismissal even if plaintiff had shown that the Court had personal jurisdiction over Al-Alawneh.

**IT IS THEREFORE ORDERED** that Defendant Dare to Dream Recovery, Inc. and Khaled Kamal Al-Alawneh's Special Appearance and Motion to Dismiss (Dkt. # 24) is **granted**. Plaintiff's claims against Dare to Dream Recovery, Inc. and Khaled Al-Alawneh are **dismissed without prejudice to refiling**. A separate judgment of dismissal is entered herewith.

**DATED** this 16th day of April, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE